# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA,**            ) | |
| ) | |
| **Plaintiff,**            ) | |
| v.            ) | |
| ) | Civil Action No. 2011-0109 |
| **KIMOTHY KESHAWN JAMISON,**            ) | |
| ) | |
| **Defendant.**            ) | |
| _____ ) | |

**Attorneys:**
**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
 *For the Plaintiff*

**Kimothy Keshawn Jamison,** *pro se*
St. Croix, U.S.V.I.
 *For the Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Plaintiff United States of America's "Motion for Default Judgment." (Dkt. No. 9). Defendant Kimothy Keshawn Jamison has not made an appearance in this matter. For the reasons set forth herein, the Court will grant Plaintiff's Motion for Default Judgment.

### I.  BACKGROUND

#### A.  Factual Background

On August 12, 2009, Defendant Kimothy Keshawn Jamison ("Defendant") went to the Henry E. Rohlsen Airport in St. Croix, United States Virgin Islands ("the St. Croix Airport") to board a flight destined for Tampa, Florida. (*See* Dkt. No. 1 at 2; Compl. ¶ 9). While at the St. Croix Airport, Defendant was subjected to a pre-clearance inspection by the United States

Customs and Border Protection ("CBP"). (*Id*. at 3; Compl. ¶ 11).[1] An initial inspection revealed that Defendant had two convictions, but no outstanding warrants. (*Id*.). Defendant was then referred for a secondary inspection, where CBP conducted a search of her bags. (*Id*.; Compl. ¶ 12). During a search of her purse, a white powdery substance—later identified as .26 grams of cocaine—was discovered. (*Id*.; Compl. ¶¶ 13-14).

CBP declined to criminally prosecute Defendant for unlawful possession of a controlled substance and, instead, assessed a $5,000 civil penalty against her pursuant to 19 U.S.C. § 1497. (*Id*.; Compl. ¶ 16). Defendant requested that the civil penalty be mitigated to $500. (*Id*.; Compl. ¶ 17). CBP agreed on the condition that Defendant pay the fine within six months and execute a promissory note. (*Id*.). The promissory note signed by Defendant informed her that failure to pay the mitigated penalty of $500 within six months of August 12, 2009 would constitute a default, and that, in the event of a default, the original penalty of $5,000 would be immediately due and payable. (Dkt. No. 1-2). On the promissory note, Defendant provided her address—5414 Strathmoore Ln, Apt. 158, Tampa, Florida 33617—and her social security number. (*Id*.).

The six-month deadline was February 12, 2010. Defendant failed to pay the $500 mitigated penalty within the six-month period. (Dkt. No. 1 at 3; Compl. ¶ 18). Before and after the six-month deadline, CBP made several attempts to contact Defendant by certified mail, return receipt requested, about her obligation to pay the $500 mitigated penalty. (*Id*. at 3-4; Compl. ¶ 19). The notices were sent to the Tampa, Florida address Defendant provided on the promissory note. (*Id*.). Defendant signed for the first two notices; two others were returned to CBP as unclaimed; and the remaining two were signed for by someone other than Defendant.

---

[1] In the Declaration of CBP Enforcement Officer Gisselle S. Lopez submitted by Plaintiff with its Motion for Default Judgment, Officer Lopez stated that "all passengers . . . departing the U.S. Virgin Islands to the United States, must submit to an inspection prior to departure[.]" (Dkt. No. 10-1 at ¶ 2).

(Dkt. No. 10 at ¶¶ 12, 14). CBP never received a response from Defendant. (Dkt. No. 1 at 4; Compl. ¶ 19).

### B. Procedural History

On December 27, 2011, Plaintiff United States of America ("Plaintiff")—on behalf of CBP—instituted the instant action against Defendant to recover the original penalty of $5,000 imposed upon Defendant pursuant to 19 U.S.C. § 1497. (*See* Dkt. No. 1). A copy of the summons and complaint, along with a waiver of service form,[2] were sent by certified mail, return receipt requested, to Defendant at the Tampa, Florida address Defendant provided on the promissory note and another Tampa, Florida address Plaintiff identified using Defendant's social security number. (Dkt. No. 10 at ¶¶ 16-18). Both mailings were returned to Plaintiff as undeliverable. (*Id*. at ¶ 19).

After its unsuccessful attempts to obtain a waiver of service, Plaintiff, on January 27, 2011, filed a "Motion for Substituted Service by Publication." (Dkt. No. 2). In the Motion, Plaintiff requested that the Court allow it to publish notice of the instant action in a Tampa, Florida newspaper once a week for four consecutive weeks. (*See id*.). On January 31, 2012, Magistrate Judge George W. Cannon, Jr. issued an Order granting Plaintiff's Motion. (Dkt. No. 5). In accordance with that Order, Plaintiff published notice of this action in *The Tampa Bay Times* once a week from February 17, 2012 to March 9, 2012. (Dkt. No. 6). Defendant had thirty days from the last date of publication to file an answer to the complaint. (*Id*.). At no time within those thirty days or anytime thereafter did Defendant file an answer, or otherwise make an appearance in this matter.

---

[2] Under Federal Rule of Civil Procedure 4(d), a plaintiff may notify a defendant that an action has been filed and request that a defendant waive service of a summons. *See* FED. R. CIV. P. 4(d)(1).

On April 16, 2012, Plaintiff filed a Motion for Entry of Default against Defendant. (Dkt. No. 7). An Entry of Default was entered by the Clerk of Court on April 18, 2012. (Dkt. No. 8). Following the Entry of Default, Plaintiff filed the instant Motion for Default Judgment, wherein it requests that the Court enter judgment in favor of Plaintiff and against Defendant in the amount of $5,000 and award Plaintiff pre- and post-judgment interest, as well as fees and costs. (*See* Dkt. No. 10 at 16).

## II.   DISCUSSION

### A.  Applicable Legal Principles

Federal Rule of Civil Procedure 55 sets forth the conditions under which a court may enter default judgment. To obtain a default judgment, the moving party must first seek an entry of default under Rule 55(a).[3] Once default is entered, the party may seek a default judgment from the Court pursuant to Rule 55(b)(2).

Upon entry of default, the well-pleaded factual allegations in the complaint, except those relating to damages, are deemed admitted. *See DirecTV Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005) (stating that "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment"); *see also* FED. R. CIV. P. 8(b)(6). The entry of default does not, however, automatically mean that a default judgment will be entered. *See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009) ("When a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally demanded."). The court must first ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defaulting defendant. *See Budget Blinds, Inc. v. White*,

---

[3] Rule 55(a) provides that the clerk of court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a).

4

536 F.3d 244, 258 (3d Cir. 2008) (citing *Marshall v. Bd. of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978) (stating that a judgment entered without subject matter or personal jurisdiction is void)).

The court must also confirm that the motion for default judgment contains evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act.

*Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012) (quoting *Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Vacation & Finishing Trades Inst. Funds v. Vill. Glass, Inc.*, 2012 U.S. Dist. LEXIS 8137, at *1-*2 (D.N.J. Jan. 24, 2012)). Additionally, the court must assess three factors to determine whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

### B. Analysis

#### 1. Subject Matter Jurisdiction

Plaintiff, the United States of America, has brought this action pursuant to 19 U.S.C. § 1497 to recover a civil penalty imposed upon Defendant for her failure to declare .26 grams of cocaine during a pre-clearance inspection at the St. Croix Airport. (*See* Dkt. No. 1 at 1; Compl. ¶ 1). Accordingly, this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, which confers federal question jurisdiction; 28 U.S.C. § 1345, which confers original jurisdiction when the United States is the plaintiff; and 28 U.S.C. § 1355(a), which confers

original jurisdiction over any action to collect fines or penalties imposed under an act of Congress.

### 2. Personal Jurisdiction

In the instant case, Defendant is a nonresident defendant who at the time the civil penalty was imposed resided in Florida. (*See* Dkt. No. 10 at 11). A federal district court may exercise personal jurisdiction over a nonresident defendant to the extent allowed by the law of the forum state or territory in which the district court sits. *See D'Jamoos v. Pilatus Aircraft, Ltd.*, 566 F.3d 94, 102, 107 (3d Cir. 2009) (citing *Provident Nat'l Bank v. California Federal Sav. & Loan Assoc.*, 819 F.2d 434, 436 (3d Cir. 1987)). This Court must therefore look to the law of the Virgin Islands to determine whether it may assert personal jurisdiction over Defendant.

In the Virgin Islands, a court must engage in a two-part inquiry to determine personal jurisdiction over a nonresident defendant. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). First, the court considers whether there is a statutory basis for exercising jurisdiction under the Virgin Islands Long-Arm Statute, 5 V.I.C. § 4903. *Id.*; *see Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."). Second, the court considers whether the defendant has minimum contacts with the Virgin Islands that are sufficient to satisfy the requirements of due process. *Id*; *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) ("[A] . . . court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State.").[4]

---

[4] Section 3 of the Revised Organic Act of 1954, 48 U.S.C. § 1561, makes the Due Process Clause of the United States Constitution applicable to the Virgin Islands.

As discussed below, the Court concludes that both the statutory and constitutional requirements for exercising personal jurisdiction over Defendant are met under the circumstances of this case.

### a. The Virgin Islands Long-Arm Statute

The Virgin Islands Long-Arm Statute specifies several bases under which a court may exercise personal jurisdiction over a nonresident defendant. In this case, Plaintiff argues that this Court has jurisdiction over Defendant under the "transacting any business" prong of the Virgin Islands Long-Arm Statute, 5 V.I.C. § 4903(a)(1).[5] Specifically, Plaintiff claims that the promissory note that Defendant signed at the St. Croix Airport "constitutes a business transaction under the provisions of the Virgin Islands Long Arm Statute." (Dkt. No. 10 at 10 (citing 5 V.I.C. § 4903(a)(1))).

In the Virgin Islands, "transacting any business . . . has been defined as 'a term of art which means less than doing business but more than performing some inconsequential act. It requires that a defendant engage in some type of purposeful activity within the territory.'" *Molloy v. Independence Blue Cross*, 56 V.I. 155, 176 (V.I. 2012) (quoting *C&C/Manhattan v. Sunex Int'l Inc.*, 42 V.I. 3, 8 (Terr. Ct. V.I. 1999)). "Transacting any business" can, however, be satisfied "by only a single act which in fact amounts to the transaction of business within the state or territory." *Metcalfe*, 566 F.3d at 331 (quoting *Fin. Trust Co. v. Citigroup*, 268 F. Supp. 2d 561, 567 (D.V.I. 2003) (internal quotation marks omitted)); *see also Molloy*, 56 V.I. at 176.

---

[5] The Virgin Islands Long-Arm Statute provides, in relevant part, that:

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
>
> > (1) transacting any business in this territory;
> > . . . .

5 V.I.C. § 4903(a).

Under the circumstances here, the Court finds that Defendant engaged in sufficient purposeful activity within the Virgin Islands to conclude that she transacted business for purposes of subsection (a)(1) of the Virgin Islands Long-Arm Statute. By executing the promissory note at the St. Croix Airport, Defendant purposefully entered into a transaction with CBP in order to gain the benefit of the mitigated penalty of $500. That transaction not only created an obligation for Defendant to pay the mitigated penalty of $500 within six months, but also granted CBP the right to collect from Defendant the original penalty of $5,000 upon default. Defendant's execution of the promissory note at the St. Croix Airport was therefore not "some inconsequential act," but rather a purposeful activity by Defendant within the Virgin Islands.

In order for subsection (a)(1) of the Virgin Islands Long-Arm Statute to apply to Defendant, this action must arise from the Defendant's activities in the forum. *See* 5 V.I.C. § 4903(b); *see also Francis v. Bridgestone Corp.*, 2011 U.S. Dist. LEXIS 72804, *11 (D.V.I. July 6, 2011); *Molloy*, 56 V.I. at 174-75 (adopting the "but-for" standard of the Third Circuit to determine whether a claim arises from one of the acts enumerated in the Virgin Islands Long-Arm Statute). It is uncontroverted that Plaintiff's claim for relief arises from Defendant's above-described activity in the Virgin Islands. Accordingly, the Court concludes that subsection (a)(1) of the Virgin Islands Long-Arm Statute provides a statutory basis for exercising long-arm jurisdiction over Defendant.

### b. Due Process

To determine whether personal jurisdiction over Defendant comports with the requirements of due process, the Court must determine whether there are sufficient minimum contacts between Defendant and the Virgin Islands "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ackourey v. Sonellas Custom Tailors*, 573 F. App'x 208, 211 (3d Cir. 2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S.

8

310, 316 (1945) (internal quotation marks omitted)). The minimum contacts inquiry focuses on two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).

"A court may exercise general jurisdiction over a defendant where he or she has 'continuous and systematic' contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action." *Metcalfe*, 566 F.3d at 334 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000)). Specific jurisdiction, on the other hand, "exists if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citation and quotation marks omitted)). In this case, Plaintiff asserts that the Court has specific jurisdiction over Defendant.

In the Virgin Islands, a court must engage in a three-part inquiry to determine whether specific jurisdiction exists over the defendant. *See O'Connor*, 496 F.3d at 317. This inquiry requires consideration of the following factors: (1) whether the defendant "purposefully directed [her] activities at the forum;" (2) whether the plaintiff's cause of action "arises out of or relates to" the defendant's forum-related contacts; and (3) if the first two requirements are met, whether the exercise of jurisdiction otherwise "comports with traditional notions of fair play and substantial justice." *Id*. (alterations and citations omitted).

In evaluating the third factor, courts may consider "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477

9

Case: 1:11-cv-00109-WAL-GWC Document #: 11 Filed: 06/17/15 Page 10 of 12


...


(1985) (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 292 (internal quotation marks omitted)).

Upon consideration of the three relevant factors, the Court finds that Defendant purposefully executed a promissory note with CBP at the St. Croix Airport in the Virgin Islands in order to obtain the benefit of paying a mitigated civil penalty of $500 rather than the full civil penalty of $5,000. The Court further finds that Plaintiff's claim arises from Defendant's activity in the Virgin Islands, i.e., Defendant's execution of a promissory note at the St. Croix Airport. Finally, the Court finds that, although Defendant, a Florida resident, would be burdened by having to defend a lawsuit in the Virgin Islands, the Virgin Islands has a strong interest in adjudicating violations of Customs laws that occur in the Territory and in obtaining "convenient and effective" relief through the use of its civil penalty authority. Moreover, Defendant should have "reasonably anticipate[d] being haled into court" in the Virgin Islands when she executed the promissory note at the St. Croix Airport in connection with her violation of the Customs laws. *World-Wide Volkswagen Corp.*, 444 U.S. at 297. Therefore, it is reasonable to require her to defend the instant lawsuit in the Virgin Islands.

In view of the foregoing, the exercise of personal jurisdiction over Defendant comports with the requirements of due process.

### 3. Default Judgment

The Court finds that Plaintiff has satisfied all of the requirements necessary to obtain default judgment against Defendant. Specifically, Plaintiff has shown that: (1) default was entered against Defendant by the Clerk of Court (Dkt. No. 8); (2) Defendant has not appeared in this action, i.e., she has not filed an answer or otherwise responded to the Complaint; (3) Defendant is neither an infant nor an incompetent person (Dkt. No. 10-5 at 3, ¶ 13); and (4) Defendant was validly served with process (Dkt. No. 6). In addition, Plaintiff provided the

appropriate documentation from the Department of Defense Manpower Data Center showing that Defendant is not in the military service, as required by the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521(b)(1). (Dkt. No. 10-7).

Further, Plaintiff has shown that Defendant executed the promissory note ((Dkt. No. 1-2); that she is in default after failing to pay the mitigated penalty of $500 within six months of the date of the promissory note (Dkt. No. 10-4); that demand for payment was made (Dkt. No. 10-6); and that she has failed to cure the default. The promissory note provides that in the event of a default, the original penalty of $5,000 will become immediately due and payable. (Dkt. No. 1-2 ("Nonpayment of the sum due under this note by the due date for any reason shall constitute a default. In case of default in payment, the entire balance of the ORIGINAL PENALTY AMOUNT . . . shall become immediately due and payable at the option of CBP and without notice.").

Finally, the Court has considered the *Chamberlain* factors and finds that each factor weighs in favor of default judgment. *See Chamberlain*, 210 F.3d at 164 (identifying prejudice to plaintiff if default is denied, existence of a litigable defense, and defendant's culpability in the default as the three factors courts must consider to determine whether to grant default judgment). Specifically, the Court finds that Plaintiff is likely to be prejudiced if default judgment is denied given Defendant's failure to answer any correspondence from Plaintiff. *See, e.g.*, *Palco Telecom Serv. v. Global Warranty Grp., LLC*, 2015 U.S. Dist. LEXIS 42699, at * 17 (E.D.N.Y. Feb. 5, 2015) (finding that denial of the motion for default judgment would prejudice the plaintiff by "effectively leaving it without recourse and forestalling its ability to recover the debt owed"). In addition, Defendant has failed to appear and/or raise any defenses in this matter, and her unresponsiveness to Plaintiff's communications demonstrates her culpability in the default. *See Hritz*, 732 F.2d 1178, 1183 (3d Cir. 1984) (finding that culpability requires "more than mere

negligence" and that "[r]eckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard").

In view of the foregoing, the Court finds that default judgment against Defendant in the amount of $5,000 is appropriate. The Court will also award post-judgment interest pursuant to 28 U.S.C. § 1961 at the rate of .28 percent per annum from the date that judgment is entered until the judgment is satisfied.[6]

In its Motion for Default Judgment, Plaintiff also requests pre-judgment interest, as well as fees and costs. (*See* Dkt. No. 10 at 16). However, Plaintiff has not provided the Court with any authority or documentation for such relief. Accordingly, prior to the entry of judgment, Plaintiff shall have fourteen (14) days from the date of the accompanying Order within which to file any supplemental briefing and documentation supporting its request for pre-judgment interest, fees, and costs.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has satisfied all of the requirements for entry of a default judgment against Defendant. Accordingly, the Court will grant Plaintiff's Motion for Default Judgment. An appropriate Order accompanies this Memorandum Opinion.

Date: June 17, 2015 _____/s/_____
WILMA A. LEWIS
Chief Judge

---

[6] Under 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in district court. . . . Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a).